# WHEELING.

## STATE OF WEST VIRGINIA *v.* FOSTER.

Submitted January 29, 1883—Decided April 14, 1883.

1. An indictment under the seventh section of chapter 149 of the
   Code for "lewd and lascivious association and cohabitation,"
   against one of the parties which only alleges that the defendant,
   on a certain day, and from that day to a certain other day, in
   the county, &c., did lewdly and lasciviously associate and co-
   habit with another person named in said indictment, said de-
   fendant and such other person not being married to each other
   during all that time, is fatally defective, because it fails to allege
   that the said parties so associated and cohabited "together," or
   "with each other." (p. 771.)

2. Before a party can be convicted of "lewd and lascivious cohabita-
   tion," it must appear on the face of the indictment, that *both* of
   the parties participating in the offense, lewdly and lasciviously
   associated and cohabited "together" or "with each other." (p.
   776.)

3. The parties who thus lewdly and lasciviously associate and cohabit
   together, may be indicted *jointly* or *separately*. (p. 775.)

4. Where the court which tried the cause, certified all the *facts
   proved*, on the trial, and from the facts so certified, it clearly ap-
   pears that they were wholly insufficient to sustain the verdict
   of the jury, the court will not hesitate to set the same aside, and
   in a proper case, award the defendant a new trial. (p. 777.)

5. A case in which the defendant was found guilty of "lewd and las-
   civious association and cohabitation," in which the evidence
   was held to be wholly insufficient to sustain the verdict of the
   jury. (p. 777.)

6. The form of indictment given for "lewd and lascivious cohabitation," in Mayo's Guide, held to be insufficient, and disapproved.

Writ of error to a judgment of the circuit court of the county of Boone on an indictment for lewd and lascivious cohabitation, rendered on the 20th day of September, 1879, against James Foster, allowed upon the petition of said Foster.

Hon. David E. Johnston, judge of the ninth judicial circuit, rendered the judgment complained of.

Woods, Judge, furnishes the following statement of the case :

The plaintiff in error was indicted in the circuit court of Boone county, at the spring term thereof 1877, for lewd and lascivious cohabitation with one Sarah Foster.

The indictment, which is an exact copy of the form in Mayo's Guide—pp. 409, 410, alleges "that James Foster on the 1st day of October, 1876, in the county of Boone, and from that day until the 14th day of April, 1877, in said county, did lewdly and lasciviously associate and cohabit with one Sarah Foster; the said James Foster and Sarah Foster not being married to each other during all the time aforesaid, against," &c.

To this indictment the defendant demurred, and the court overruled his demurrer. The case was afterwards tried upon an issue on the plea of *not guilty*, and the jury returned a verdict in these words, "We the jury find the defendant guilty, and assess his fine at fifty dollars."

The said defendant then moved the court to set aside the said verdict and award him a new trial, on the grounds that said verdict was contrary to the evidence; that he was taken by surprise by said trial and verdict and on the grounds that he had since the trial discovered new and material evidence. In support of his said motion the said defendant filed two affidavits, of himself, and another of the sheriff of said county which on their face show, that the newly discovered evidence, was in fact wholly immaterial. The defendant introduced *no*

evidence, and the case was heard upon evidence of the witness offered by the State.

The court overruled the defendant's motion for a new trial, and rendered judgment on the verdict of the jury for fifty dollars fine and the costs. The defendant excepted to the opinion and judgment of the court in overruling his motion for a new trial, and the court certified the facts proved, which are as follows :-

"That James Foster, the defendant, lived in Boone county within twelve months prior to the finding of this indictment, on White Oak branch of Big Coal river ; that Sarah Foster lived in a house, used as a kitchen, near the residence of said James Foster; that she did the cooking and superintended affairs about the house ; all ate at the same table; that said Sarah Foster had been employed as a cook by James Foster in Kanawha county, and they lived in Kanawha, before she came to Boone, in the same way as to rooms or houses, and in other respects, as they lived in the county of Boone; that James Foster moved to Boone county from Kanawha several years ago; that Sarah Foster's husband died about the close of the war; that James Foster had lost his wife about the same time, and had children living with her ; the youngest one was one year old ; the oldest fourteen years old ; they did call James Foster "dada" sometimes. The witness for the State, Steve Asberry, who was the only one introduced, went to James Foster's early one morning, and saw James Foster in his own bed in his house, and Sarah Foster was in bed in the kitchen; he never saw any indecent or lascivious familiarity between them. And the State rested her case, and the defendant introduced no evidence. And these were all the material facts proved at the trial."

To this judgment the defendant obtained a writ of error to this Court, alleging in his petition therefor, that the said circuit court erred in overruling his said demurrer, and his said motion for a new trial.

*Laidley & Laidley* for plaintiff in error.

*Attorney-General Watts* for the State.

WOODS, JUDGE, announced the opinion of the Court:

The offense intended to be alleged against the defendant is described in section 7 of chapter 149 of the Code in these words, "If any persons not married to each other, lewdly and lasciviously associate and cohabit together * * * * * they shall be fined not less than fifty dollars, and may, at the discretion of the jury, be imprisoned not exceeding six months." The associating and cohabiting "together" as used in this section necessarily import sexual commerce between such persons, as if they sustained towards each other, the relation of husband and wife. It is not intended to describe or punish, secret or single acts of incontinency between such persons, though they may occur more than once; such acts, if the persons, both, or one of them be unmarried, are acts of fornication in such persons, and if one or both of them be married to a third party, are acts of adultery in such married person, and are punishable under the sixth section of said chapter of the Code, and they are not otherwise indictable, unless accompanied with such publicity, as of itself makes them indictable at common law. *Anderson* v. *Commonwealth*, 5 Rand.; *Commonwealth* v. *Isaacs and West*, 5 Rand. 634; Bish. Cr. Law sec. 379; *Commonwealth* v. *Catlin*, 1 Mass. 8.

To constitute the offense, with which the defendant is sought to be charged in said indictment, it is not sufficient, that he and said Sarah Foster, not being married to each other, during such association and cohabitation, should so associate and cohabit "together," but it is essential, that both *he and said Sarah Foster* should *"lewdly and lasciviously* cohabit *together,"* and that they should both have the same common purpose and intent; for if this purpose and intent were present in the mind of one, and were wholly absent from the mind of the other, then it cannot be said they *both,* "lewdly asociated and cohabited together," and therefore they cannot be guilty of the offense of "lewdly associating and cohabiting together" described in said clause of said section 7 of chapter 149. In that case however, one, of said persons might be guilty of adultery or fornication. If the offense consisted simply in cohabiting with each other, not being married to each other, one might be guilty and the other innocent; one

might be insane, or the form of a marriage ceremony might have been adopted, which one of the parties might believe valid and binding, while the other having a husband or wife living, might know it to be void. Here one might be acting in perfectly *good faith*, and without guilty knowledge and therefore, without lewdness or lasciviousness, and the cohabitation not being lewd and lascivious as to *both*, neither is guilty of this particular offense. *Delany* v. *The People*, 10 Mich.

The offense intended to be charged against the defendant being the creature of the statute, deriving all of its peculiarities from the phraseology of the statute, would have been best described in the words thereof, and while it is not essential to use the very words of the statute to describe the statutory offense, yet it is essential that every fact and intent entering into, and constituting the offense, must be substantially set forth in the indictment. This, being one of that class of offenses which cannot be committed by one person alone, without the concurrent act of another, it follows that the indictment must distinctly allege such concurrent act on the part of such other person. *State* v. *Helm*, 6 Mo. 263; *State* v. *Byron*, 20 Mo. 210. The demurrer in the case at bar, raises two interesting questions, which ought to be determined. First, can an indictment be sustained against one of the guilty parties without joining the other, in other words can the parties charged with such an offense, be indicted separately, or must they be indicted jointly? and secondly, are the allegations in the indictment in this case, sufficient to charge the defendant James Foster with the offense of lewd and lascivious cohabitation with said Sarah Foster?

When two or more persons join in the commission of a crime, all the parties participating therein are guilty, and so is each of them, whether the crime is such that it may be committed by one person, or where it is of that class which requires the concurrent acts of others, as in cases of fornication, adultery, conspiracy, riot, lewd and lascivious cohabitation and many others. Crimes are joint and several, and all participants therein, are severally liable to the full punishment prescribed for the offense. 1 Bish. Cr. L. §§ 629, 630, 631. *Reg.* v. *King*, 1 Salkeld. Hence it follows, that where parties are indicted and convicted, either jointly, when all

are tried together, or when indicted jointly and tried at different times, or indicted and tried separately, each one incurs the full penalty; and the fact that one of them has suffered that penalty, does not in any manner operate as a satisfaction of the guilt of another. One is not less guilty, because another is equally guilty; each receives the same punishment as if he alone had committed the offense. 1 Bish. Cr. L. §§ 954, 955.

That joint offenders may be jointly indicted, and tried, or tried separately, and convicted, is well settled. That it has been the settled practice to sustain separate indictments against parties charged with fornication and adultery, is equally well established; but this rule has sometimes been called in question, when it has been applied to other offenses, in the commission of which the concurrent acts of a specified number of persons, are required to constitute the offense, as in cases of conspiracy, where at least two, and in riots, where at least three are required to commit those offenses. It is insisted that the case at bar presents another illustration of this objection, as the offense in this indictment cannot be committed without the concurrent act of another, accompanied with all the other circumstances and conditions prescribed by the statute creating the offense.

In prosecutions for adultery, the weight of authority is, that the two participants may be joined in the same indictment, or they may be indicted and tried separately, and the same rule is applied to prosecutions for fornication. Whar. Cr. L. §§ 1730, 1721. Bishop in Statutory Crimes sections 670, 671, 672, lays down the same doctrine, "Parties in a case of adultery, may be indicted separately, or together (jointly) at the election of the power that prosecutes;" and also in cases of fornication, "it is a general rule that the parties to this offense, as in adultery, may be indicted separately, at the election of the pleader," but whether the indictment be joint or several, it must be distinctly alleged therein, that the act charged, was the joint, concurrent act of both under the conditions necessary to constitute the offense. It has been maintained in the case at bar, that as the offense of lewd and lascivious cohabitation, cannot be committed by one alone, but requires the concurrent act of two, with the lewd and lascivi-

ous intent of both, that it cannot come within the rule just laid down in cases of adultery, &c., and that therefore the parties to such offense cannot be indicted separately and must be indicted jointly, and that for this cause the said indictment against James Foster alone, for lewd and lascivious cohabitation with Sarah Foster, cannot be sustained. This question has never been passed upon in this State, or in any of the reported cases in Virginia. We therefore deemed it proper to carefully examine the reported cases in many of the States, and the result of this examination and of the examination of reliable text writers is, that it is more proper to indict the offenders jointly; yet as in adultery and fornication, they may be separately indicted. So, the same rule prevails in this, as in those cases. Whar. Cr. L. § 1748; Bish. St. Crimes § 708; *State* v. *Tom.*, 2 Ired. 580.

But it is to be always borne in mind, that where one is separately charged, it must be averred, that another concurred with him in the commission of the offense; as Bush. Cr. Pro. § 225, Bish. Stat. Cr. § 170—that not being "married to each other," they both, lewdly and lasciviously cohabited "together," or with "each other," for unless these elements exist in both, and concur in the commission of the unlawful sexual commerce, neither of them can be guilty of the "*lewd* and *lascivious cohabitation*" required by the statute to constitute this offense. *State* v. *Tom*, 2 Ired. 569. This question has frequently arisen in prosecutions for riot, and conspiracy, where the crimes have been committed by the accused, and the requisite number of other parties, who were either unknown or could not be apprehended, but in every such case, it has been held essential, that the indictment should allege that the defendant, together with the requisite number of other persons, whether named or unknown, did every act, with every intent and purpose, and under every condition, necessary to show that such absent parties, as well as the party indicted committed the act charged in the indictment, and all these facts must be proved on the trial, and a general verdict of guilty against the party thus separately indicted, necessarily finds that such absent parties or at least a number of them sufficient to comment the offense, were also guilty, for if they did not so find they would have found the defendant not guilty.

The only case reported in Virginia for lewd and lascivious cohabitation, is that of the *Commonwealth* v. *Isaacs and West.* In this case the grand jury found a *presentment* against David Isaacs and Nancy West "for outraging the decency of society and violating the laws of the land by cohabiting together in a state of illicit commerce as man and wife, without being lawfully married," &c. The defendants were summoned to show cause why an information should not be filed against them and the court adjourned to the general court the following question, "whether admitting the facts presented by the grand jury to be true, an information will lie for the said offense?" The general court decided that the information would lie against the defendants, for lewd and lascivious cohabitation, but as they were *jointly* presented, the question of a separate information was not considered.

In the case of *Hutchins* v. *Commonwealth,* 2 Va. Cas. 331, Wm. Fankerly and Nancy Hutchins were jointly indicted, charging that said "William unlawfully, willingly and incestuously did *intermarry* with, and take to wife a certain Nancy Hutchins the niece of said William and that the said William and Nancy then and there from, &c., to &c., did willingly, unlawfully and incestuously continue to cohabit and live together as man and wife, against," &c. Both were convicted, and upon a writ of error, it was objected that the indictment was bad, because it did not in terms allege that she had intermarried with said William; the court held the indictment good, "because it was impossible for him to intermarry with her unless she also intermarried with him, and that as the said indictment was in the very words of the statute, it was therefore sufficiently certain," and affirmed the judgment. The only remaining case from Virginia is the *Nicholas and Janes's Case* reported in 7 Gratt. 589—but as the parties were jointly indicted, and the indictment charged that from, &c. to &c., they did, without being married to each other, lewdly and lasciviously associate and cohabit *together*, being the very words used in the statute, the indictment was held good.

In the case of *Delany* v. *People,* reported in 10 Mich. 241, the question raised by the demurrer, in the case at bar, arose there and was fully considered by the supreme court of Michigan, and in an able and exhaustive opinion, by Christiancy,

justice, they reached a conclusion, that is conclusive upon the question raised by the demurrer in this case although we are unable to adopt all the conclusions of the court in that case, as we are of opinion for the reasons hereinbefore stated, that in a prosecution for lewd and lascivious cohabitation, the parties may be indicted *jointly* or severally, whereas the conclusion of the court in that was case that they *"must* be indicted jointly, and that they cannot be indicted separately, unless one of the parties be unknown or since dead." We fully concur in the conclusion of the learned judge that the crime does not consist merely in *associating* and *cohabiting,* nor that they so associated and cohabited "together" or with "each other," but *both* of them must *lewdly and lasciviously* associate and cohabit "together," or with "each other." In the case of *Delany* v. *People,* an information was filed against Delany charging, that "he on &c. from &c. to &c. in the city of Detroit did lewdly and lasciviously associate and cohabit with one May S., he and the said May S. not being then and there married to each other, contrary, &c." This charge was held to be·insufficient for two reasons, first because it failed to charge they so associated and cohabited "together," and be-because the information ought to have been against them jointly and not separately against Delany. The statute of Michigan under which this charge was made, is almost identical with the seventh section of chapter 149 of our Code the words being, "If any man and woman not being married, &c., shall lewdly and lasciviously associate and cohabit together, &c."

The doctrine that the indictment must allege that the parties associated and cohabited together, is laid down, and ably supported by Mr. Bishop in Stat. Crimes, sections 702 and 721. Similar statutes exist in nearly all of the States, and so far as we have been able to discover, the same rule of construction exists, but we have not been able to find any case in which the court has gone so far, as in *Delany* v. *The People.*

Applying the principles here established to the case at bar we are of opinion that the allegation of the indictment that the said "James Foster, on &c., in the said county from that day to &c. did lewdly and lasciviously associate and cohabit·

with one Sarah Foster, the said James Foster and Sarah Foster not being married to each other during all the time aforesaid" is not equivalent to saying that they during that time lewdly and lasciviously associated and cohabited *"together"* as the statute has it, or with "each other," which would be equivalent words, because in the absence of such words, for aught that appears in the indictment she may be entirely innocent of the "lewd and lascivious" commerce, which is the distinctive feature of the statutory offense; as has been suggested, she might be insane, or she might in good faith believe she was only discharging towards the man she believed to be her husband, the duties of a wife. Because therefore, said indictment fails to allege that the said James Foster and Sarah Foster lewdly and lasciviously associated and cohabited "together" or "with each other," we are of opinion that the circuit court erred in overruling the defendant's demurrer to said indictment.

The only remaining question presented by this record is whether the facts certified to have been proved upon the trial are sufficient to warrant the verdict of the jury. While under ordinary circumstances the Court is slow to interfere with the verdict of a jury, where there is any conflict in the facts certified, or any testimony from which the jury might properly have deduced the defendant's guilt, yet in a case where there is a total absence of any sufficient evidence to support the verdict the Court will not hesitate to set it aside, as wholly unwarranted.

The State upon the trial of this indictment offered only the testimony of a single witness, whose whole statement is certified as all the facts proved,—and the defendant offered no evidence on his part, very properly concluding that as the State had failed to make any case against him, it was unnecessary to offer any evidence in his defense. If Sarah Foster and James Foster had, during all the period mentioned in said indictment resided under the same roof, eaten at the same table; and if she had nursed and cared for his children, who some time called him "dada,"—all this may have been done, without any criminality between the parties, and without giving just cause of suspicion to the most fastidious. In this case, Sarah Foster was hired to do his housework; she

had a separate house where she slept; she was never, so far as this testimony shows, seen or known to be in his bedroom at night, nor he in hers, at improper hours, or under suspicious circumstances. The only witness examined, proves that they had so lived for several years; that he was at James Foster's house, early one morning, and he found him in his own bed, in his house, and her, in her own bed, in her house, and that he never saw any indecent or lascivious familiarity between them.

There is therefore in the facts proved and certified to us, no sufficient evidence to support the said verdict, or even to show any impropriety or indelicacy of conduct between the defendant and the said Sarah Foster. On the contrary every fact proved is perfectly consistent with the innocence of the defendant. It therefore seems to the Court here, that the court erred in refusing to set aside said verdict, and award the defendant a new trial; for which additional reason, the judgment aforesaid, should be reversed.

It is therefore considered by this Court, that the said judgment of the circuit court, be, and the same is wholly reversed and annulled; and this Court, now proceeding to render such judgment as the said circuit court ought to have rendered, doth further consider, that the defendant's said demurrer be, and the same is sustained, and that the said defendant from the said indictment be discharged and go thereof without day.

THE OTHER JUDGES CONCURRED.

JUDGMENT REVERSED.