# WHEELING.

## STATE v. FOSTER.

Submitted June 23, 1885.—Decided July 3, 1885.

1. An indictment under sec. 7, ch. 149 of Code, which avers, that the defendant did lewdly and lasciviously associate and co-habit with one S. F., the defendant and said S. F. not being then married to each other, is fatally defective, because it fails to aver that said parties so associated and co-habited *together* or with each other.

2. The principles and decision announced in *State* v. *Foster*, 21 W Va. 767, approved and re-affirmed.

A sufficient statement of the facts of the case will be found in the opinion of the Court.

*J. M. French* for plaintiff in error.

*Alfred Caldwell*, Attorney General, for State.

SNYDER, JUDGE:

Writ of error to a judgment of the circuit court of Boone county, rendered April 17, 1882, against James Foster, the plaintiff in error, upon an indictment for a misdemeanor.

The defendant demurred to the indictment, the court overruled his demurrer, and upon the plea of not guilty the jury found against him and fixed his fine at $52.00. No bill of exceptions was taken. The indictment avers: "That James Foster on December 1, 1880, and from that day to November 1, 1881, in the county aforesaid, did lewdly and lasciviously associate and co-habit with one Sarah Foster, the said James Foster and Sarah Foster during all the time aforesaid not being married to each other, against the peace," &c.

This indictment is evidently founded on sec. 7 of ch. 149 of the Code, which declares that: "If any persons not married to each other lewdly and lasciviously associate and co-habit together   *   *   *   they shall be fined not less than $50.00," &c. In commenting upon this statute, this Court in *State* v. *Foster*, 21 W. Va., 767, 770, says: "To constitute the offence, with which the defendant is sought to be charged in said indictment, it is not sufficient, that he and said Sarah Foster not being married to each other, during such association and co-habitation should so associate and co-habit *together*, but it is essential, that *both* he and the said Sarah Foster *should lewdly and lasciviously co-habit together*," and that they should both have the same common purpose and intent; for, if this purpose and intent were present in the mind of one, and wholly absent from the mind of the other, then it cannot be said that *both* "lewdly associated and co-habited together," and therefore they cannot be guilty of the offence of "lewdly associating and co-habiting together," described in said clause of said sec. 7 of ch. 149." The Court, therefore, held that the indictment in that case was fatally defective and that the circuit court erred in overruling

the demurrer to it. An inspection of the indictment in that case will show that its averments are precisely the same as those in the indictment in the case at bar. They are both identical in form and substance ; consequently the principles decided and conclusion announced in that case fully determine and settle this case. It is, therefore, only necessary to state here that we approve the principles and decision announced in that case, and re-affirming the same we must reverse the judgment of the circuit court in this case, sustain the demurrer to the indictment and discharge the defendant.

REVERSED. DEFENDANT DISCHARGED.