# CHARLESTON.

STATE *v.* BRUCE STONE

(No. 6780)

STATE *v.* WILLIS STONF

(No. 6814)

Submitted November 18, 1930. Decided November 25, 1930.

*Howard B. Lee,* Attorney General, and *R. A. Blessing,* Assistant Attorney General, for the State.

*Ernest D. Lewis,* for plaintiffs in error.

HATCHER, JUDGE:

Defendants were jointly indicted, separately tried and convicted, and jointly prosecute error, alleging insufficiency in the indictment, which follows:

> "The State of West Virginia, Barbour County, To-wit:
>
> In the Circuit Court of said County, September Term, 1929.
>
> The Grand Jurors of the State of West Virginia, in and for the body of the County of Barbour, and now attending the said court, upon their oaths present that Bruce Stone and Willis Stone, on the _____ day of August, 1929, and within one year next preceding this finding, in the county aforesaid, did unlawfully, and feloniously own, operate, maintain, possess, and have an interest in a certain apparatus, mechanism, and device for the manufacture of liquor, commonly known as a 'moonshine still', and did unlawfully and feloniously aid and abet others owning, operating, and maintaining a 'moonshine still', against the peace and dignity of the State."

Defendants contend the indictment is defective upon three grounds. (1) Two separate offenses are joined which are not of the same general nature. (2) The offense of aiding and abetting others, etc., does not name the principals. (3) There is no averment of the county in which the aiding and abetting occurred.

First. In *State* v. *Joseph*, 100 W. Va. 213, it was held that the offense of operating a still, and the offense of aiding and abetting in its operation, are of the same general nature. The legislature, also recognizing this, has fixed the same punishment for each offense. See Acts of 1929, chapter 64, section 37.

Second. The gravamen of the offense of aiding and abetting a crime is not that the accused actually participated in the principal act which constituted the crime, but that he aided and abetted another who perpetrated that act. A Kentucky case treats the parties as principals in the first and second degrees. "The one who is the absolute perpetrator is

principal in the first degree. The other, who aids and abets, is principal in the second degree. To make a man principal in the second degree, there must be a principal in the first degree to do the principal fact—to perpetrate the main fact; failing in that, there can be no principal in the second degree." *Mulligan* v. *Com.*, 84 Ky. 229, 232. Therefore the *full information* of the character of the accusation which section 14, Article III of the Constitution requires, necessarily includes the name of the one, if known, whom the accused is charged with aiding and abetting. If the name is not known "that fact should appear, and the facts of aiding and abetting set forth." *Taylor* v. *Com.*, 28 Ky. Law. Rep. 819, 90 S. W. 581. 31 C. J., p. 738, sec. 288.

Third. The venue stated at the commencement of the indictment, i. e., "in the county aforesaid" applies equally to both arraignments.

The decisions in Virginia having become conflicting on the effect of an indictment containing both good and defective counts, a clarifying Act was passed in 1848, containing a provision, afterwards substantially embodied in the Code of 1849, and now appearing in our Code in chapter 159, section 23, which is as follows: "Where there are several counts in an indictment, and a general verdict of guilty is found, judgment shall be entered against the accused, if any count be good, though others be faulty. But on the trial the court may, on the motion of the accused, instruct the jury to disregard any count that is faulty." (For the history of the Act, see note to *Kirk* v. *Com.*, 9 Leigh 627, Va. Repts. Anno.). Without attempting to define the extent of this enactment, it certainly would apply to an indictment like this, where the several counts relate to offenses so closely related. Consequently, the judgments entered against the accused will stand, despite the defect in the second count of the indictment.

*Judgments affirmed.*