STATE OF WEST VIRGINIA

*v.*

EARL LUCAS

(No. 9813)

Submitted October 2, 1946.   Decided November 26, 1946.

*Salisbury, Hackney & Lopinsky, D. L. Salisbury,* and *Lon G. Marks,* for plaintiff in error.

*Ira J. Partlow,* Attorney General, *Ralph M. Hiner,* Assistant Attorney General, and *Eston B. Stephenson,* Special Assistant Attorney General, for defendant in error.

Fox, Judge:

At the April term, 1945, of the Intermediate Court of Kanawha County, an indictment was returned against Earl Lucas, Paul Harrison and Gladys Harrison, charging that they "did unlawfully, without a state license and without authorization under the Liquor Control Act, manufacture and sell, and aid and abet in the manufacture and sale of a quantity of alcoholic liquor, against the peace and dignity of the state." The indictment ends with the following language: "Found at the April Term of said Court, 1945, upon the information of Ed Sanders, City Jail, sworn in open Court and sent before the Grand Jury to give evidence to that body." On the 8th day of May, 1945, the defendant, Earl Lucas, appeared and moved the court for a continuance of his case, which motion was overruled. Thereupon defendant's demurrer to the indictment, and his motion to quash the same, separately made, were overruled, to all which actions of the court exceptions were taken at the time. The case was tried upon defendant's plea of not guilty, and on the following day a verdict of guilty against Lucas was returned by the jury. A motion to set aside the verdict and award the defendant a new trial was made, and overruled, and judgment was entered, to which the defendant, Earl Lucas, excepted at the time, and to which he now prosecutes this writ of error.

The errors assigned are: (1) The refusal of the

court to sustain defendant's demurrer and motion to quash the indictment; (2) refusal of the court to continue the trial of the case; (3) the consideration of evidence concerning the alleged transportation of liquor by defendant; (4) propounding of certain questions to the wife of defendant concerning her complicity with the defendant in an alleged larceny of a quantity of alcoholic liquors in the year 1943; and (5) the giving of certain instructions offered by the State, over defendant's objections. These errors will be considered in the order stated above.

It is contended that the indictment shows on its face that it was returned upon the information of Ed Sanders. Reference to the quoted portion of the indictment will show that the indictment states that it was found upon the information of Ed Sanders; but it goes further and states that said Sanders was sworn in open court and sent before the grand jury to give evidence to that body. Under Code, 62-2-1, prosecutions must be by indictment as to felonies, and as to misdemeanors either by indictment or presentment. Code, 62-9-1, prescribes the general form of indictments. The Liquor Control Act, Chapter 4, Acts of the Legislature, 1935, as amended by Chapter 77, Acts of the Legislature, 1943, prescribes the form of indictment used in this case. Under Code, 52-2-8, an indictment or presentment may be made on the information of two members of the grand jury; but there is no statutory authority for an indictment on the information of a person other than a grand juror.

The indictment shows on its face, however, that Sanders was sworn in open court and sent before the grand jury to give evidence. We think it clear that any statement made by Sanders to the grand jury, and upon which it apparently acted, constituted evidence and not information. This being true, the word "information" used in the indictment does not, in our opinion, constitute a fatal defect thereto, and we think the court properly overruled the demurrer and the motion to quash the same.

Defendant Lucas' motion for continuance was based upon his contention that the ownership of the places of business where it was alleged the sale of liquor took place was vested in Paul Harrison and Gladys Harrison, who were jointly indicted with him, and that the Harrisons, if present, would so testify. At the time of the trial it was understood that the Harrisons were living outside this State, but that they could be located and their presence procured. Waiving the question of diligence on the part of either the State or the defendant, we think the testimony of the Harrisons would not have been material on the trial of the charge against Lucas. All of the defendants named in the indictment were charged with manufacturing and selling, and aiding and abetting in the manufacture and sale of alcoholic liquor. The ownership of the property where such sales occurred, if they did occur, was immaterial. Whether defendant here participated in the sale, or in aiding and abetting in the sale of the liquor, was the question in issue. There was no error in refusing the continuance of the case.

There is evidence in the case that defendant Lucas transported in his automobile and carried liquor on his person, to at least one of the places where it is proved sales of liquor were made. The transportation of liquor fits in with the indictment allegation of aiding and abetting in its sale. There was no error in admitting this evidence.

During the trial of the case, and in Earl Lucas' examination in chief, his counsel asked this question, "Earl, were you convicted in this Court one time in your life for petty larceny?", to which he answered, "That is right." Question: "How long has that been, Earl, about how long?", to which defendant answered, "February 22, 1944." He was asked on cross-examination if the indictment to which he "plead guilty for stealing a case of whiskey was returned at the June term, 1943, * * *?", to which he answered, "Maybe so." He then stated in answer to questions on cross-examination that he served a term of five months in jail on the plea of guilty to

that indictment.. When the wife of Lucas testified, she was asked on cross-examination: "I will ask you if you and Grant Scott and Earl Lucas were indicted for the larceny of a case of whiskey in this Court in 1943, and if in that proceeding your automobile was confiscated by the State of West Virginia by order of this Court?" It will be noted that the question refers to an indictment and does not involve a conviction or a confession. There was objection to that question, which was overruled, and exceptions taken at the time; and it is now contended that it was prejudicial error to require an answer thereto.

In *State* v. *Hill*, 52 W. Va. 296, 43 S. E. 160, it was held: "A witness will not be compelled to answer a question touching matter not material, but collateral, to the issue, if the answer will degrade him. But the privilege to refuse to answer is personal to him, and cannot be used by a party. If the witness does not refuse to answer, it is in the discretion of the court to allow, or refuse to allow, an answer. If the court refuse to allow an answer, it is not at all the ground of exception by a party, nor is it such ground of exception, if the court allows an answer, except, perhaps, when such discretion is grossly abused to the manifest harm of a party." In *State* v. *Walker*, 92 W. Va. 499, 115 S. E. 443, it was held: "Whether a witness, other than the accused, in a criminal case must answer questions propounded on cross-examination which tend to disgrace or degrade him for the purpose of affecting his credibility, but which are not material to the facts in issue, is within the sound discretion of the trial court, largely subject to the personal privilege of the witness if claimed, and if such witness, without claiming personal privilege, is required to answer such questions, it will not be error unless it is clear that the accused has been prejudiced thereby." See also *State* v. *Prater*, 52 W. Va. 132, 43 S. E. 230; *State* v. *Porter*, 98 W. Va. 390, 127 S. E. 386; *State* v. *Webb*, 99 W. Va. 225, 128 S. E. 97; *State* v. *Worthington*, 109 W. Va. 449, 155 S. E. 313; *State* v. *Price*, 113 W. Va. 326, 167 S. E. 862.

The witness did not avail herself of her privilege to refuse to answer the question propounded, and we cannot see that her answer in any wise prejudiced the defendant, as his own counsel had brought into the case the incident of his being indicted and having plead guilty of the larceny of liquor, which, it is fair to assume, is the same offense for which his wife was indicted. Any prejudice which might arise from the proof that he was so indicted was created through the action of his own counsel; and clearly a person may not take advantage of his own error in the trial of a case. In view of the authorities cited above, we think there was no error in requiring answers to the questions propounded to Mrs. Lucas.

The remaining question relates to instructions. All instructions offered by defendant were given. State's instruction No. 1, given over the objection and exception of the defendant, reads as follows: "The Court instructs the jury that if you believe from the evidence in this case, beyond all reasonable doubt, that Earl Lucas, during the month of February, 1945, transported liquor to 118 Virginia Street East or to the Keyhole, as described in the evidence in this case, for the purpose of sale or that he employed any other person to make an illegal sale of whiskey at either 118 Virginia Street East or at the place described as the Keyhole, or that he was present at any time at either of said places described in the evidence in this case, lending countenance, encouraging, aiding, abetting, counseling, having or consenting to the sale of intoxicating liquor, then he is guilty as charged in the indictment in this case and you should so find." The defendant objected to that part of the instruction which reads: "The Court instructs the jury that if you believe from the evidence in this case, beyond all reasonable doubt, that Earl Lucas, during the month of February, 1945, transported liquor to 118 Virginia Street East or to the Keyhole, as described in the evidence in this case, for the purpose of sale", for the reason that there was no evidence introduced in the case on the part

of the State to support the indictment that any liquor was transported to either place by the defendant for any such purpose, and that the instruction was, therefore, misleading and erroneous. In the first place, there was evidence to the effect that defendant had transported liquor to one or both locations mentioned, and the transportation of liquor fits in with the allegation in the indictment of aiding and abetting in the sale of liquor. However, this does not seem to be the point of objection. The reason for the objection was that there was no evidence to support the transportation mentioned. In our opinion, there was no error in the giving of this instruction; but even if there was such error, we could not consider the same on any ground other than the lack of evidence mentioned above because there is no specific objection to the instruction on any other ground. *State v. Belcher,* 121 W. Va. 170, 2 S. E. 2d 257, is authority for the proposition that, "Paragraph (e) of Rule VI of the Rules of Pleading, Practice and Procedure (116 W. Va. Lxiii) requiring specific objections to instructions in order for them to be considered, does not apply to felony cases." But the rule does apply to misdemeanor cases.

State's instruction No. 2, objected to by defendant and given, correctly defines the law with respect to circumstantial evidence. The contention outlined in defendant's objection to this instruction that the case was not such as to warrant a finding of guilty on circumstantial evidence is without merit. There is both direct and circumstantial evidence in this case which, we think, fully warranted the verdict returned by the jury.

The judgments of the Circuit Court and the Intermediate Court of Kanawha County are affirmed.

*Affirmed.*