STATE OF WEST VIRGINIA

*v.*

MANUEL GARCIA, *et al.*

(No. 10653)

Submitted September 15, 1954. Decided September 28, 1954.

*D. Jackson Savage,* for plaintiff in error.

*John G. Fox,* Attorney General, *Harold A. Bangert, Jr.,* Assistant Attorney General, for defendant in error.

HAYMOND, JUDGE:

At the September Term, 1952, of the Intermediate Court of Kanawha County, the grand jury attending that court returned a joint indictment against Manuel Garcia, Rand Gardner and Donald Stockton for the closely related offenses of manufacturing and selling, and aiding and abetting in the manufacture and sale of, alcoholic liquor without a state license and without authorization under Section 7, Article 6, Chapter 77, Acts of the Legislature, 1943, Regular Session, commonly known as the Liquor Control Act.

The indictment, except the caption and the endorsements, is in these words: "The Grand Jurors of the State of West Virginia, in and for the body of the County of Kanawha, and now attending the said Court, upon their oaths present that Manuel Garcia, Rand Gardner and Donald Stockton within one year prior to the date of the finding of this indictment, in said County of Kanawha, did unlawfully, without a State license and without authorization under the Liquor Control Act, manufacture and sell, and aid and abet in the manufacture and sale of a

quantity of alcoholic liquor, against the peace and dignity of the State."

A demurrer and a motion to quash the indictment, filed by the defendants Manuel Garcia and Rand Gardner, were overruled and the case was tried upon their plea of not guilty. Donald Stockton made no appearance and was not present at the trial. The jury returned a general verdict of guilty against the three defendants to the indictment and by final judgment entered October 17, 1952, the trial court overruled motions of the defendants, Manuel Garcia and Rand Gardner, to set aside the verdict and grant them a new trial and in arrest of judgment, and sentenced each of the defendants Manuel Garcia and Rand Gardner to be confined in the jail of Kanawha County for the term of one year, at hard labor, and to pay a fine of $250.

Upon the petition of the defendants Manuel Garcia and Rand Gardner, the Circuit Court of Kanawha County granted a writ of error and supersedeas to the foregoing judgment on April 3, 1953, and by final order entered August 10, 1953, that court affirmed the judgment entered by the Intermediate Court. To the final judgment of the Circuit Court of Kanawha County the defendants Manuel Garcia and Rand Gardner prosecute this writ of error.

At the trial the defendants Manuel Garcia and Rand Gardner did not testify as witnesses and no evidence was offered in heir behalf. The case was submitted to the jury upon the evidence introduced in behalf of the State, certain instructions offered by the defendants and given by the court, and the oral argument in behalf of the State.

The evidence introduced by the State clearly established one sale of alcoholic liquor by the defendant Donald Stockton, but failed to show manufacture or any sale of alcoholic liquor by the defendant Manuel Garcia or the defendant Rand Gardner. The witnesses produced in behalf of the State, whose testimony related to that question, admitted that they had not purchased any alcoholic liquor from either Garcia or Gardner or that they had

not seen either of those defendants make any sale of alcoholic liquor.

Over the objection of the defendants Manuel Garcia and Rand Gardner, the State introduced evidence by some witnesses of acts and conduct by each defendant which aided and abetted sales or attempted sales of alcoholic liquor by certain unnamed persons who occupied a billiard hall located at 324 Reynolds Street in Charleston. The State also introduced, over objection of the defendants Manuel Garcia and Rand Gardner, evidence of numerous separate acts and statements of each of the three defendants, which were not committed or made in the presence of either of the other two defendants, to establish the guilt of all three defendants of the offenses charged against them in the indictment. This evidence was offered by the State on the theory that a conspiracy or a common purpose to engage in the illegal sale of alcoholic liquor existed among the three defendants named in the indictment. As to the evidence of separate acts or statements of each defendant not committed or made in the presence of either of the other defendants, the defendants Manuel Garcia and Rand Gardner moved the court to instruct the jury that the evidence of such separate acts and statements should be considered only as evidence of the guilt of the individual defendant committing such acts or making such statements and not as evidence of the guilt of the other defendants. This the court refused to do and admitted such evidence against all three defendants.

By their several assignments of error the defendants Manuel Garcia and Rand Gardner seek reversal of the judgment of the Circuit Court and the judgment of the Intermediate Court on substantially these grounds: (1) The indictment, as to the offense of aiding and abetting in the unlawful manufacture and sale of alcoholic liquor, is fatally defective; (2) the verdict, as to the defendants Manuel Garcia and Rand Gardner, is not supported by the evidence; and (3) the evidence of the separate acts, conduct and statements of the individual defendants not com-

mitted or made in the presence of either of the other defendants is inadmissible as to those defendants.

The offense of manufacturing and selling alcoholic liquor, without a state license and without legal authority, and the offense of aiding and abetting such manufacture and sale of such liquor are closely related and are of the same general nature and those offenses may be charged in the same count or in separate counts of an indictment. See Section 7, Article 6, Chapter 77, Acts of the Legislature, 1943, Regular Session; *State v. Stone,* 109 W. Va. 721, 156 S. E. 80.

In the recent case of *State v. Howard,* 137 W. Va. 519, 73 S. E. 2d 18, in which an indictment, containing a single count, charged the defendant with the unlawful manufacture and sale of alcoholic liquor without a state license and the aiding and the abetting in such unlawful manufacture and sale, was held invalid because the grand jury, which returned it, was not legally constituted, this Court held, in point 6 of the syllabus, that an indictment, charging a single defendant with the offense of aiding and abetting in the unlawful sale of alcoholic liquor without a state license, should state the name of the principal, if known, and if the principal is unknown, that fact should be alleged. In the opinion this Court said: "If the defendant was indicted on the sole charge of aiding and abetting, the indictment is not good on demurrer; and if the indictment had charged in separate counts that defendant illegally sold alcoholic liquor and aided and abetted in the illegal sale of alcoholic liquor, a demurrer, if interposed to the count charging the defendant with aiding and abetting such sale of alcoholic liquor should have been sustained, and the State would have been entitled to proceed to trial on the good count."

The State contends that the holding of this Court in the *Howard* case is distinguishable from the case at bar on the ground that the indictment for aiding and abetting in the unlawful sale of alcoholic liquor without a state license, considered in the *Howard* case, was against only one

defendant and that, as the joint indictment here involved was against more than one defendant, the principle announced in the *Howard* case does not apply to the instant indictment. There is no merit in this contention. In *State* v. *Stone,* 109 W. Va. 721, 156 S. E. 80, the indictment, containing a single count, charged two defendants with the offense of owning, maintaining and operating a moonshine still and the offense of aiding and abetting in its ownership, maintenance and operation. In that case this Court held that an indictment charging a person with aiding and abetting in the ownership, operation and maintenance of a moonshine still, should state the name of the principal, if known, and if unknown, that fact should be alleged.

The ground on which this Court held the indictment, as to the offense of aiding and abetting in the operation of a moonshine still in the *Stone* case, fatally defective was that the failure to name the principal or, if the principal was unknown, to allege that fact, violated the right of the accused, under Article III, Section 14, of the Constitution of this State, to be fully and plainly informed of the character and the cause of the accusation. In discussing that question in the opinion in that case this Court said: "The gravamen of the offense of aiding and abetting a crime is not that the accused actually participated in the principal act which constituted the crime, but that he aided and abetted another who perpetrated that act. A Kentucky case treats the parties as principals in the first and second degrees. 'The one who is the absolute perpetrator is principal in the first degree. The other, who aids and abets, is principal in the second degree. To make a man principal in the second degree, there must be a principal in the first degree to do the principal fact—to perpetrate the main fact; failing in that, there can be no principal in the second degree.' *Mulligan* v. *Com.,* 84 Ky. 229, 232. Therefore the *full information* of the character of the accusation which section 14, Article III of the Constitution requires, necessarily includes the name of the one, if

known, whom the accused is charged with aiding and abetting. If the name is not known 'that fact should appear, and the facts of aiding and abetting set forth.' *Taylor* v. *Com.,* 28 Ky. Law. Rep. 819, 90 S. W. 581. 31 C. J., p. 738, sec. 288." The requirement that in an indictment for the offense of aiding and abetting a crime the name of the principal must be set forth, or if the principal is unknown that fact must be alleged, necessarily extends and applies equally to an indictment against a single defendant and an indictment against any number of defendants.

The instant indictment, as to the offense of manufacturing and selling alcoholic liquor without a state license, sufficiently states that offense. *State* v. *Howard,* 137 W. Va. 519, 73 S. E. 2d 18; *State* v. *Lucas,* 129 W. Va. 324, 40 S. E. 2d 817. In the *Lucas* case a demurrer and a motion to quash the indictment, which followed the form prescribed in Section 7, Article 6, Chapter 77, Acts of the Legislature, 1943, Regular Session, were overruled; but the sufficiency of the indictment in charging the offense of aiding and abetting in the unlawful manufacture and sale of alcoholic liquor without a state license was not presented or passed upon and, as the indictment for the offense of unlawfully manufacturing and selling alcoholic liquor was sufficient, the demurrer and the motion to quash were properly overruled. In that case the defendant was convicted of the offense of unlawfully selling alcoholic liquor under the allegations of an indictment which sufficiently charged that offense. For these reasons the *Lucas* case is distinguishable from the case at bar. As to the related offense of aiding and abetting in the unlawful sale of alcoholic liquor, the punishment for which is the same as that provided for the unlawful manufacture and sale of such liquor, the instant indictment is fatally defective in that it fails to set forth the name of the principal aided and abetted or to state that such principal was unknown. An indictment for the offense of aiding and abetting in the unlawful manufacture and sale of alcoholic liquor which fails to state the name of the principal if known and, if

unknown, fails to allege that fact does not sufficiently charge that offense. In consequence the indictment can not support the verdict of guilty against the defendants Manuel Garcia and Rand Gardner for the offense of aiding and abetting in the unlawful sale of alcoholic liquor. A verdict of guilty based upon allegations of an indictment which do not sufficiently charge the offense of which the defendant is convicted by such verdict should be set aside. See *State* v. *Howard,* 137 W. Va. 519, 73 S. E. 2d 18; *State* v. *Foster,* 21 W. Va. 767.

Though the indictment as to the offense of unlawfully manufacturing and selling alcoholic liquor sufficiently charges that offense, the State failed to prove by any evidence that either the defendant Manuel Garcia or the defendant Rand Gardner manufactured or made any sale of alcoholic liquor. The verdict of guilty, as to each of them, was without evidence to support it. A verdict of guilty in a criminal case which is not supported by the evidence will be set aside. *State* v. *Hudson,* 128 W. Va. 655, 37 S. E. 2d 553, 163 A. L. R. 1265; *State* v. *Davis,* 139 W. Va. 645, 81 S. E. 2d 95; *State* v. *Hurst,* 93 W. Va. 222, 116 S. E. 248; *State* v. *Chafin,* 78 W. Va. 140, 88 S. E. 657; *State* v. *White,* 66 W. Va. 45, 66 S. E. 20; *State* v. *Miller,* 42 W. Va. 215, 24 S. E. 882; *State* v. *Zeigler,* 40 W. Va. 593, 21 S. E. 763; *State* v. *Foster,* 21 W. Va. 767.

As the insufficiency of the indictment for the offense of aiding and abetting in the unlawful manufacture and sale of alcoholic liquor and the lack of evidence to support the verdict, as to the defendants Manuel Garcia and Rand Gardner, control the decision in this case, and as the refusal of the trial court to set aside the verdict and to grant the defendants Manuel Garcia and Rand Gardner a new trial calls for reversal of the final judgment of the Intermediate Court and the final judgment of the Circuit Court, it is unnecessary to discuss or consider upon this writ of error the question of the admissibility of the evidence complained of by those defendants.

The judgment of the Circuit Court of Kanawha County

and the judgment of the Intermediate Court of Kanawha County are reversed, the verdict of the jury as to the defendants Manuel Garcia and Rand Gardner is set aside, and this case is remanded to the Intermediate Court for a new trial which is here awarded those defendants.

*Judgments reversed;*
*verdict set aside;*
*new trial awarded.*