STATE OF WEST VIRGINIA

*v.*

MICHAEL JAMES LAMP

(No. 13981)

Decided May 15, 1979.

*Richard A. Bush* for plaintiff in error.

*Chauncey H. Browning,* Attorney General, *Stephen D. Herndon,* Assistant Attorney General, for defendant in error.

CAPLAN, CHIEF JUSTICE:

At the January Term, 1976, the grand jury serving the Circuit Court of Wood County returned an indictment against the defendant, Michael James Lamp, charging him with aiding and abetting Joseph Ocheltree in the commission of the breaking and entering of an outhouse adjoining a dwelling. The principal in the first degree, Ocheltree, was fourteen years of age at the time of the commission of the crime. Upon trial, the jury found the defendant guilty as charged in the indictment. A motion by the defendant to set aside the verdict was denied and this appeal was prosecuted. We affirm.

The defendant assigns the following errors:

(1) the admission of his confession into evidence upon an inadequate showing of its voluntariness;

(2) since the principal in the first degree, because he was a juvenile under the age of sixteen years, was under law unable to commit a felony, the defendant could not be found guilty of aiding and abetting such principal; and,

(3) the imposition of a sentence upon the defendant which exceeded the punishment which could have been imposed upon the principal in the first degree.

It has been universally held that a confession of a defendant is inadmissible as evidence unless it was made freely and voluntarily. *State v. Brady*, 104 W. Va. 523, 140 S.E. 546 (1927); *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966); *Escobedo v. Illinois*, 378 U.S. 478, 84 S. Ct. 1758, 12 L. Ed. 2d 977 (1964). It is equally well established that it is the duty of the trial court to determine the voluntariness of a confession out of the hearing of the jury and that such determination will not ordinarily be disturbed on review. *State v. Johnson*, _____ W. Va. _____, 226 S.E.2d 442 (1976); *State v. Smith*, _____ W. Va. _____, 212 S.E.2d 759 (1975); *Spaulding v. Warden*, _____ W. Va. _____, 212 S.E.2d 619 (1975); *State v. Plantz*, 155 W. Va. 24, 180 S.E.2d 614 (1971); *State v. Fortner*, 150 W. Va. 571, 148 S.E.2d 669 (1966); *State v. Vance*, 146 W. Va. 925, 124 S.E.2d 252 (1962).

In *State v. Starr*, _____ W. Va. _____, 216 S.E.2d 242 (1975) the Court expressly requird the State "to prove by a preponderance of the evidence that a confession or admission was voluntarily given." We must here determine from the record the correctness of the trial court's ruling whereby it admitted the confession of the defendant into evidence.

In the instant case the trial court held a hearing, *in camera*, wherein evidence was adduced to determine the voluntariness of the defendant's confession. It was therein established by the testimony of two police officers that Michael James Lamp was advised of his constitutional rights, referred to as "Miranda" rights. A statement signed by the defendant showing that he was advised of such rights is in the record. The defendant, admitting that he recalled some of the questions and that he initialed parts of the statement, nonetheless denied that he was advised of his rights. He clearly stated, however, in his testimony that he "knew when you got picked up you had the right to remain silent and anything you said could be used against you and other than that you have the right if you want, to have a lawyer

present when you are questioned or at the detective bureau, I know that."

Concerning the condition of the defendant at the time his statement was taken due to his alleged "glue sniffing," the testimony was also in conflict. He testified that the "glue [he] sniffed had worn off by the time Detective Rhodes talked to [him]". The police testified that he was alert, cooperative and that there was nothing about his appearance that he had been sniffing glue.

Upon consideration of all of the testimony adduced at the *in camera* hearing the court concluded that the defendant's statement was voluntarily and intelligently given. In *State v. Vance, supra,* the Court said, "The trial court has a wide discretion as to the admission of confessions and ordinarily this discretion will not be disturbed on review." It is our opinion, upon the consideration of the evidence, that there was a sufficient showing of voluntariness and that the court did not abuse its discretion in holding the confession admissible. See *State v. Mayle,* 108 W. Va. 681, 152 S.E. 633 (1930) and *State v. Brady, supra.*

Next, the defendant contends that he could not be found guilty of aiding and abetting a principal, who, because of his tender years, was unable under the law to commit a felony. This contention is without merit.

Under *W. Va. Code,* 1931, 49-1-4, as amended, a person under the age of eighteen years who "[c]ommits an act which if committed by an adult would be a crime not punishable by death or life imprisonment", will be adjudged a delinquent child. Under such statute the principal in the first degree in the instant case, having committed a burglary, cannot be charged with a criminal offense but may be adjudged only a delinquent child. The act which he committed is nonetheless a felony, although under *W. Va. Code,* 1931, 49-5-3, as amended, he cannot be treated or punished as an adult. The legislature has absolved a juvenile from criminal responsibility. It has not, however, declared that burglary is not a felony.

*W. Va. Code,* 1931, 61-11-6 provides, in part:

> In the case of every felony, every principal in the second degree, and every accessory before the fact, shall be punishable as if he were the principal in the first degree ...

The principal in the first degree committed an act, which if he were an adult, would be a felony. Although the juvenile offender is not amenable to punishment as an adult, under the immediately above quoted code section, the defendant, a principal in the second degree, shall be punishable as if he were the principal in the first degree. The fact that this principal in the first degree cannot be punished for the felony he committed is immaterial. If the defendant's contention were valid, one in the posture of Dickens' infamous Fagan, with a stable of juvenile pickpockets, would go free in the event such juveniles were caught during the commission of their crimes. Such result is untenable.

The defendant cites *State v. Garcia,* 140 W. Va. 185, 83 S.E.2d 528 (1954) for the proposition that without a principal in the first degree there can be no principal in the second degree to aid and abet in the commission of the crime. We have no quarrel with that proposition but find the *Garcia* case clearly distinguishable. In that case Garcia was charged with aiding and abetting in the operation of a moonshine still but the indictment did not state the name of the principal, nor did it allege that the name of the principal was unknown. We agree that there cannot be a principal in the second degree unless there was a principal actor. In the instant case the indictment charged that Joseph Ocheltree "feloniously and burglariously did break and enter with intent to commit larceny therein." The indictment continued by stating that the defendant aided and abetted Ocheltree in the burglary. Clearly a principal in the first degree was named and the aider and abettor is amenable to punishment.

Finally, the defendant complains that he could receive no greater sentence than that which could have been imposed upon the principal, Joseph Ocheltree. Under the

law, *W. Va. Code*, 1931, 49-1-4, as amended, Ocheltree could only be adjudged a delinquent child; therefore, says the defendant, the prison sentence imposed upon him is invalid. For the reasoning employed in the second assignment of error this assignment is also without merit.

The legislature has said in *W. Va. Code*, 1931, 61-11-7, "An accessory, either before or after the fact, may, whether the principal felon be convicted or not, or *be amenable to justice or not*, be indicted, convicted, and punished . . ." (emphasis supplied) We discern no reason why an aider and abettor, who was present and assisted in the commission of the crime, should be treated differently than an accessory before or after the fact. Again, the fact that the law does not permit punishment of the principal offender, because of his status as a juvenile, does not preclude punishment to be imposed upon the principal in the second degree. See *State v. Loveless*, 140 W. Va. 875, 87 S.E.2d 273 (1955).

The judgment of the Circuit Court of Wood County is affirmed.

*Affirmed.*