294 S.E.2d 296

**STATE of West Virginia**

v.

**Gerald Paul WILSON.**

**No. 14739.**

Supreme Court of Appeals of West Virginia.

July 15, 1982.

Lantz & Rudolph and David G. Palmer, Parkersburg, for plaintiff in error.

Chauncey H. Browning, Jr., Atty. Gen., and Gregory W. Bailey, Deputy Atty. Gen., Charleston, for defendant in error.

PER CURIAM:

Gerald Paul Wilson, the appellant in this proceeding, was convicted of armed robbery by a jury in Wood County. On appeal he asserts that the trial court erred in admitting into evidence an out-of-court confession given to police officers after his arrest. He argues that the evidence adduced demonstrates that the confession was coerced and that the arresting officers unduly delayed taking him before a magistrate and that his confession should thus have been suppressed. After reviewing the record we conclude that the trial court properly admitted the confession, and we affirm the appellant's conviction.

At approximately 5:30 a. m. on Sunday, December 3, 1978, three police officers, who had obtained an arrest warrant, arrested the appellant for the robbery of a grocery store. Upon making the arrest, the officers read the warrant to the appellant, handcuffed him, and took him to a police cruiser which was located approximately one hundred feet away. As soon as he was placed in the cruiser the appellant was informed of his "Miranda" rights, and he was driven to the local detective bureau. Upon arriving at the detective bureau he was photographed, fingerprinted, and subjected to routine processing. He was then again advised of his "Miranda" rights, and at 6:45 a. m. he signed a waiver of those rights. Thereafter the police began to interrogate him. Between 9:30 and 10:00 a. m. he indicated that he had some knowledge of the crime for which he had been arrested. Shortly thereafter he indicated that he wished to make a confession. A secretary was summoned. She arrived at approximately 12:00 noon, and she took the appellant's confession between 12:05 and 12:45 p. m. The confession was transcribed, and the appellant signed it at 2:24 p. m. At approximately 3:00 p. m. he was taken to jail. He was not taken before a magistrate or other judicial officer until the following day.

Prior to his trial the appellant challenged the voluntariness of the confession, and a suppression hearing was conducted. At the hearing conflicting evidence was adduced regarding what had occurred during the interrogation of the appellant. The appellant testified that even though he had repeatedly requested an attorney the interrogation had continued. He stated that his interrogators had threatened bodily harm by making reference to holes in the walls and his head. He said that they indicated that an accomplice had incriminated him and that the interrogation proceeded even though he was given no food. He complained that he was otherwise coerced into giving the confession. The police officers who conducted the interrogation denied that the appellant had requested the assistance of an attorney and denied that they had made threats of bodily harm against him. They indicated that although they had not given him breakfast, they gave the appellant coffee and lunch. They, in general, denied that they had in any way coerced the appellant into giving the confession.

At the conclusion of the hearing the trial court ruled that the confession was admissible into evidence.

On appeal the appellant argues that the evidence demonstrates that the confession was involuntarily given and that the court should also have suppressed it because of the delay of the arresting officers in taking him before a magistrate.

In syllabus point 5 of *State v. Starr*, 158 W.Va. 905, 216 S.E.2d 242 (1975), we said:

"The State must prove, at least by a preponderance of the evidence, that confessions or statements of an accused which amount to admissions of part or all of an offense were voluntary before such may be admitted into the evidence of a criminal case."

Whether the evidence adduced demonstrates that the confession in the case before us was involuntarily given, as the appellant argues, hinges upon the credibility of the witnesses who testified at the suppression hearing. On the key points, such as whether the appellant requested an attorney, the testimony of the appellant and the police officers who conducted the hearing was totally contradictory. In this regard and in view of the further undisputed fact that the appellant executed a written waiver of his "Miranda" rights prior to giving his confession, the problem before us is identical to that in *State v. Lamp*, 163 W.Va. 93, 254 S.E.2d 697 (1979). In *Lamp* we recognized that a trial judge is in the best position to observe the demeanor of witnesses and assess their credibility, and we concluded that where a defendant had been given his rights and where credibility was the sole issue in a suppression hearing, we could not conclude that a judge abused his discretion in holding a confession admissible. We believe that that is the case now before us, and we conclude that the trial judge did not abuse his discretion in holding the appellant's confession admissible because of the evidence.

Recently in *State v. Persinger*, 169 W.Va. 121, 286 S.E.2d 261 (1982), we recognized that unreasonable delay in taking a defendant before a magistrate after his arrest may be a critical factor to be considered in evaluating the voluntariness of a confession. In syllabus point 6 of that case we said:

"The delay in taking the defendant to a magistrate may be a critical factor where it appears that the primary purpose of the delay was to obtain a confession from the defendant."

In *Persinger* we recognized that the purposes of taking an arrestee before a magistrate were: (1) to insure that the arrestee had been informed of his rights; (2) to determine if there was probable cause; (3) to inform the arrestee of his right to a preliminary hearing; (4) to arrange bail; and (5) to provide means for the arrestee to communicate with a relative or an attorney to arrange bail. We believe that of these factors the first two, relating to informing an arrestee of his rights and determining whether there is probable cause to hold him, particularly have bearing on the question of whether a confession is voluntary.

In the case before us, it is clear from the testimony of all witnesses who testified during the suppression hearing and the waiver of rights signed by the appellant that the appellant was informed of his rights before he was interrogated. Before his arrest, an arrest warrant had been issued, and there had been a judicial determination that there was probable cause for an arrest. During the interrogation the appellant was informed of the nature of the charge against him.

■ In *Persinger* we concluded that time consumed in transporting an arrestee and time involved in performing customary booking and administrative procedures should not be considered in determining whether there has been unreasonable delay. In the confession context, as stated in syllabus point 6 of *Persinger*, the primary focus should be whether the purpose of the delay was to obtain a confession. Obviously once a confession has been made the obtaining of such a confession cannot be the purpose of the delay. Given these principles, the time relevant to whether the delay impinged upon the voluntariness of a confession is the time between which routine administrative processing is completed and a confession is actually given.

In the case before us administrative processing was completed between 6:30 and 6:45 a. m. At around 9:30 the appellant indicated essential facts leading to his confession. We view the three hours between 6:30 and 9:30 a. m. as the crucial period.

■ There is no indication from the record that over the crucial three hour period the appellant became so emotionally exhausted or psychologically disorganized that interrogation during that period over-

came the appellant's will so that he confessed against his will. In the absence of such an indication, and in view of the fact that the appellant had clearly been informed of his rights, we cannot conclude that there was an unreasonable delay in taking him before a magistrate. Consequently, we do not believe that the trial court erred in refusing to suppress the confession.

Accordingly, the judgment of the Circuit Court of Wood County is affirmed.

Affirmed.