# CHARLESTON.

## STATE v. WHITE et al.

Submitted February 16, 1909.   Decided October 26, 1909.

1. LEWDNESS—"*Lewd and Lascivious Association and Cohabitation*"—*What Constitutes.*

    "Lewd and lascivious association and cohabitation," as used in section 4358, Code 1906, means the living and cohabiting together of a man and a woman, not married to each other, in the same house, as husband and wife.   (p. 47.)

2. CRIMINAL LAW—*Sufficiency of Evidence.*

    In order to convict one of crime there must be some appreciable evidence to support the indictment; proof of facts which tend only to arouse suspicion of guilt, but which do not prove the offense charged, are not sufficient.   (p. 47.)

3. SAME—*Setting Aside Verdict.*

    The court does not invade the province of a jury by setting aside a verdict which is not supported by evidence.   (p. 47.)

Error to Circuit Court, Logan County.

L. W. White and Geneva Dunnigan were convicted of lewd and lascivious association and cohabitation, and they bring error.

*Reversed and Remanded.*

*E. T. England* and *T. C. Lowry,* for plaintiffs in error.

*William G. Conley, Attorney General,* and *D. E. Mathews, Assistant Attorney General,* for the State.

WILLIAMS, JUDGE:

L. W. White and Geneva Dunnigan were convicted of "Lewd and lascivious association and cohabitation together," and on the 27th day of July, 1908, adjudged by the circuit court of Logan county to pay a fine of fifty dollars each.   To this judgment they obtained a writ of error and *supersedeas* on the 22nd of September, 1908.

The only question presented by the record is, whether or not the circuit court erred in refusing to set aside the verdict. This question depends upon whether or not the evidence is

sufficient to support the finding. We do not think it is sufficient.

The evidence, viewed most strongly against defendants, proves the following facts; viz: that L. W. White said he was going to build a house and get a woman from Dingess Run to keep house for him, and that after he got a divorce from his wife he intended to marry this woman, but the witness to whom White made this statement did not recollect the name of the woman; that defendants were not married to each other; that L. W. White is a married man not living with his wife, but not divorced from her; that Geneva Dunnigan is a single woman and the mother of a bastard child, then three years old; that L. W. White built a house and leased it to Geneva Dunnigan at $75.00 a year on the 28th of January, 1908, for the purpose of keeping boarders; that White and others boarded in the house with her; that the house had four rooms, to-wit, a dining room and kitchen, and two bed rooms in each of which were two beds; that White and the other male boarders occupied one of these rooms and Geneva Dunnigan, her child and the hired girl occupied the other; that just after the house was completed, the defendants, for about a week, occupied it together and alone; that thereafter there were other boarders there; that defendants were never seen at any time occupying the same room together, nor were any improper relations ever seen to exist between them; that they were once seen to go to a show together in the day time; that White used to drive up the cows, carry in water, coal, kindling and victuals for Geneva, and that other boarders often did the same; that Geneva was sick for about a week after she first occupied the house. The evidence for the defense shows that for a week, or such length of time, after she first occupied the house Geneva had smallpox, and that this is the reason she did not have other boarders from the beginning. Courts should be slow to disturb the verdicts of juries depending solely on evidence. But in the present case there appears to be an entire lack of evidence to establish guilt. The greatest effect the evidence could possibly have would be to arouse a suspicion of guilt. It does not prove guilt; neither does it establish facts from which guilt could be reasonably inferred. Every fact proven is perfectly consistent with the good behavior of the defendants.

In order to convict of "lewd and lascivious association and cohabitations together" under section 4358, Code 1906, it is necessary to prove that the defendants lived together as husband and wife; for this is the meaning comprehended by the words "cohabit together," as used in the statute referred to. *State* v. *Miller,* 42 W. Va. 215, and cases cited in the opinion. See also *State* v. *Foster,* 21 W. Va. 767.

The evidence in the present case is not even as strong to establish guilt as it was in either of the cases above cited, and in both of those this Court held it insufficient. Following those cases, we must hold that the evidence in this case is not sufficient to prove guilt.

We will, therefore, reverse the judgment of the lower court, set aside the verdict and grant the plaintiffs in error a new trial, not because the verdict is contrary to the evidence, but because there is no appreciable evidence to establish guilt.

*Reversed and Remanded.*