**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 20-0983** (Marion County CC-24-2019-F-44)

**David Uphold,**
**Defendant Below, Petitioner**

**MEMORANDUM DECISION**

Petitioner David Uphold, by counsel Scott A. Shough, appeals the Circuit Court of Marion County's denial of his post-trial motions for a new trial and judgment of acquittal. Respondent the State of West Virginia, by counsel Patrick Morrisey and Katherine M. Smith, filed a response in support of the circuit court's order to which petitioner submitted a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On September 25, 2018, James Vincent fired five shots into Luka Grabb's ("the victim") lower limbs, killing him. At that time, Mr. Vincent was the President of the Fairmont chapter of the Pagans Motorcycle Club. The incident occurred after Mr. Vincent learned of the victim's plan to rob him. After the shots were fired but the victim was still alive, his body was dragged out of Mr. Vincent's garage, into a vehicle, and dumped on the side of the road nearby. On February 5, 2019, petitioner was indicted of first-degree murder, conspiracy to commit a felony, and malicious assault.

In September of 2018, petitioner was a prospective member of the Pagans. On the night of the victim's murder, petitioner went to Mr. Vincent's home to "hang out" with friends. Russell "Rusty" Kirk was also there, and he brought a recording of the victim stating that he planned to rob Mr. Vincent. After Mr. Kirk played the recording for Mr. Vincent, the victim was contacted and asked to come to Mr. Vincent's home. While the victim was on his way, a group gathered at Mr. Vincent's home, including Mr. Vincent, Mr. Kirk, Cyleigh Brock, Charles Zachary Carpenter, Vernon "Junior" Carpenter, Nakita Butcher, and petitioner. When the victim arrived, petitioner went outside to greet him, helping the victim park his bike and walking him into Mr. Vincent's

1

garage. Sometime later, Mr. Vincent and the victim got into an argument regarding the victim's intent to rob Mr. Vincent before Mr. Vincent pulled out a firearm and shot the victim. While the victim was on the ground, petitioner hit the victim multiple times; he then assisted in disposing of the victim's body. Mr. Vincent and petitioner were then "hosed off" in the garage, and petitioner took a three-hour shower. When law enforcement arrived, petitioner was found sitting on the floor of Mr. Vincent's shower in his underwear.

Petitioner gave a statement to law enforcement, though he did not admit assaulting the victim. Petitioner, Mr. Kirk, Mr. Charles Carpenter, Mr. Vernon Carpenter, and Mr. Vincent were charged with first-degree murder, malicious wounding, and conspiracy to commit a felony. Prior to trial, Mr. Kirk and Mr. Charles Carpenter entered pleas to malicious wounding and conspiracy; their plea agreements required that they provide testimony at the trials of their co-defendants.

During petitioner's August of 2020 trial, Dr. Kubiczek from the Office of the Chief Medical Examiner testified that, in addition to the gunshot wounds, the victim had abrasions on his forehead, temples, elbows, and shoulders, and bruising on his nose, lip, and right elbow. He testified that the bruises were a result of "blunt force injuries . . . caused by blunt objects, like a fist or a pavement surface." The circuit court admitted photographs of the victim's gunshot wounds, abrasions, and bruising, in addition to a laceration on the victim's lip. Dr. Kubiczek also testified that the abrasions, bruising, and laceration were suffered "perimortem" or "around the time of death."

At the close of the State's case, the circuit court, outside the presence of the jury, informed the parties that while that was the time the defense typically makes a motion for judgment of acquittal, the court was

> of the opinion that the [S]tate has presented . . . a prima facie case of evidence as to each of the elements of each count of the indictment. So . . . any motions by the defense for directed verdict or judgment of acquittal will be overruled. You'll be able to argue those, place those on the record, vouch the record when you[r] jury deliberates . . . [Petitioner's] objection or exception to the [c]ourt's ruling [is] preserved. And again, you can place those arguments on the record, vouch the record when the jury deliberates.

After the jury began deliberating, petitioner argued to the circuit court that he was entitled to a judgment of acquittal on the malicious assault charge because the State "failed to meet the necessary burden of proof to proceed in the case" because the only evidence it offered came from a "self-declared liar whose testimony is absolutely unbelievable. A codefendant who was served on a silver platter presented the jury with evidence that had never been heard before today. The evidence presented by the [S]tate that [petitioner] hit [the victim] two times does not fulfill the [S]tate's burden in this case." The circuit court denied petitioner's motion.

On August 20, 2020, the jury found petitioner not guilty of first-degree murder but guilty of malicious assault and conspiracy to commit a felony. Petitioner renewed his motion for judgment of acquittal under Rule 29 of the West Virginia Rules of Criminal Procedure and moved for a new trial under Rule 33 of the West Virginia Rules of Criminal Procedure. The circuit court

held a hearing on petitioner's post-trial motions on October 19, 2020. However, during the hearing, petitioner's counsel stated that they had "nothing further to add than what's set forth in our motion[s]." In response, the circuit court said, "Okay. And so let me just summarize it. [The motion is b]ased on [the fact that the] verdict was against the weight of the evidence and the motion for post-verdict judgment of acquittal." Petitioner confirmed that was correct, and the circuit court again asked, "That's it?" Petitioner reaffirmed with, "Yes, sir." The State presented argument in opposition to petitioner's motion, and the circuit court denied the motion orally during the hearing and by order entered on October 20, 2020. By order entered on December 7, 2020, petitioner was sentenced to not less than one nor more than five years of imprisonment for conspiracy to commit a felony and not less than two nor more than ten years of imprisonment for malicious assault, said sentences to run consecutively. Petitioner appeals from the denial of his post-trial motions.[1]

We review the denial of a motion for a judgment of acquittal or, in the alternative, for a new trial as follows:

> In reviewing challenges to findings and rulings made by a circuit court, we apply a two-pronged deferential standard of review. We review the rulings of the circuit court concerning a new trial and its conclusion as to the existence of reversible error under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a de novo review.

Syl. Pt. 3, *State v. Vance,* 207 W. Va. 640, 535 S.E.2d 484 (2000).

Petitioner sets forth three assignments of error on appeal. First, he contends there was insufficient evidence to support his conviction for malicious wounding. He argues that, even when viewing the evidence in the light most favorable to the prosecution, no rational trier of fact could find the essential elements of malicious wounding were proved beyond a reasonable doubt. He asserts that Mr. Kirk was the only witness who addressed the issue but that Mr. Kirk's testimony on direct examination was "rife with examples of lies[.]" Petitioner further contends that the only other witness to the events, Mr. Charles Carpenter, testified at trial that he did not see anyone hitting the victim after the shooting, which directly contradicted Mr. Kirk's testimony. Petitioner asserts that Mr. Kirk's two statements "are the totality of the witness testimony upon which the jury convicted the petitioner of [m]alicious [w]ounding." According to petitioner, Mr. Kirk's statements were unsupported by any other eyewitness and lacked sufficient detail to determine

---

[1] Because petitioner's short statement of the case does not contain a single citation to the record, we remind petitioner's counsel of the requirements of Rule 10(c)(4) of the West Virginia Rules of Appellate Procedure, which provides as follows:

> *Statement of the Case*: **Supported by appropriate and specific references to the appendix or designated record**, the statement of the case must contain a concise account of the procedural history of the case and a statement of the facts of the case that are relevant to the assignments of error.

(emphasis added).

their truth. At trial, Mr. Kirk testified that petitioner hit the victim "a couple of times" and "probably kicked him a couple of times." Petitioner contends that Mr. Kirk's use of the word "probably" implies that it may or may not have occurred. In addition, there were no medical findings that establish that kicks played a role in the victim's death. Petitioner, therefore, argues that taken in its entirety, even viewing it in the light most favorable to the State, Mr. Kirk's testimony does not establish the required elements of malicious wounding. He contends that Mr. Kirk's statements fail to establish that petitioner's actions were committed with the intent or in the manner anticipated to cause serious bodily injury or death, as required by the statute.

At the outset, we note that in addressing challenges to the sufficiency of the evidence to support a conviction, we have found as follows:

> The function of an appellate court when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, is sufficient to convince a reasonable person of the defendant's guilt beyond a reasonable doubt. Thus, the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt.
> ....

> A criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt. . . .

Syl. Pts. 1 and 3, *State v. Guthrie*, in part, 194 W. Va. 657, 461 S.E.2d 163 (1995).

While petitioner complains that the State did not satisfy "the statute" at issue, he fails to set forth the elements of malicious wounding or even identify the statute at issue. In fact, the only authority cited by petitioner in support of this assignment of error is *Guthrie*. We note that petitioner's arguments do not comply with Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure. That rule provides that

> [t]he brief must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on, under headings that correspond with the assignments of error. The argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Court may disregard errors that are not

4

adequately supported by specific references to the record on appeal.

W. Va. R. App. P. 10(c)(7). Additionally, in an Administrative Order entered December 10, 2012, Re: Filings That Do Not Comply With the Rules of Appellate Procedure, the Court noted that "[b]riefs that lack citation of authority [or] fail to structure an argument applying applicable law" are not in compliance with this Court's rules. Further, "[b]riefs with arguments that do not contain a citation to legal authority to support the argument presented and do not 'contain appropriate and specific citations to the . . . record on appeal . . .' as required by rule 10(c)(7)" are not in compliance with this Court's rules.

West Virginia Code § 61-2-9(a) provides

If any person maliciously shoots, stabs, cuts or wounds any person, or by any means cause him or her bodily injury with intent to maim, disfigure, disable or kill, he or she, except where it is otherwise provided, is guilty of a felony and, upon conviction thereof, shall be punished by confinement in a state correctional facility not less than two nor more than ten years. If the act is done unlawfully, but not maliciously, with the intent aforesaid, the offender is guilty of a felony and, upon conviction thereof, shall either be imprisoned in a state correctional facility not less than one nor more than five years, or be confined in jail not exceeding twelve months and fined not exceeding $500.

As we have held, "[t]he jury is the trier of the facts and in performing that duty it is the sole judge as to the weight of the evidence and the credibility of the witnesses." Syl. Pt. 2, *State v. Martin*, 224 W. Va. 577, 687 S.E.2d 360 (2009) (citation omitted). In the instant case, the postmortem exam of the victim revealed injuries to the victim's forehead, temples, elbows, shoulders, nose, and lip. The medical examiner classified them as blunt force injuries suffered perimortem. In addition, when the victim's body was dumped on the side of the road, he was bleeding from his mouth. The jury heard all of the evidence, made its credibility determinations, and found petitioner guilty of malicious assault based on the evidence presented at trial. Specifically, Mr. Kirk testified that after the victim was shot and "went down. . . . That's when [petitioner] hit him a couple of times." On cross-examination, Mr. Kirk was confronted by petitioner's counsel regarding lies he told during police interviews and admitted to multiple lies that he claimed he told to protect his friends. However, on redirect examination, Mr. Kirk confirmed that when he said that he saw petitioner strike the victim, he was telling the truth. Dr. Kubiczek testified that the victim's face had bruises and abrasions, describing them as blunt force injuries caused by blunt objects, such as a fist or a pavement surface. He specifically testified that the injuries were inflicted around the time of the victim's death. Based on the record before this Court, including the witness testimony, we find that petitioner failed to meet the heavy burden needed to establish that the evidence presented to the jury was insufficient to support his conviction.

Petitioner next asserts that the circuit court incorrectly viewed the evidence when it denied his motion for judgment of acquittal. In his two-paragraph argument as to this alleged error, petitioner contends that the State's evidence regarding petitioner's physical contact with the victim was very limited, and the court did not allow argument on the motion for judgment of acquittal at

the close of the State's case. Petitioner asserts that the circuit court's conclusion was an erroneous abrogation of its duty to ensure that petitioner received a fair trial, as the court should have heard from counsel and closely examined the nature and extent of the evidence as to the elements of malicious wounding. He argues that failing to do so deprived him of an appropriate factual and legal review of the evidence as a matter of law.

However, in addition to failing to set forth the applicable standard of review, petitioner fails to cite a single case in support of this assignment of error, continuing to fail to comply with Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure. This Court reviews a trial court's order denying a motion for judgment of acquittal de novo. *See State v. LaRock*, 196 W. Va. 294, 304, 470 S.E.2d 613, 623 (1996) ("The trial court's disposition of a motion for judgment of acquittal is subject to our *de novo* review; therefore, this Court, like the trial court, must scrutinize the evidence in the light most compatible with the verdict, resolve all credibility disputes in the verdict's favor, and then reach a judgment about whether a rational jury could find guilt beyond a reasonable doubt."). When viewing the evidence in the light most compatible with petitioner's conviction for malicious assault and, as we did above, resolving credibility determinations in favor of that verdict, we find that a rational jury could find guilt beyond a reasonable doubt, particularly in light of petitioner's failure to point this Court to any supporting authority.

Finally, petitioner asserts that the circuit court erred by denying his motion for a new trial because "the evidence preponderat[ed] heavily against this conviction." In addition to reiterating his arguments regarding the insufficiency of the evidence, petitioner restates his arguments regarding the alleged lack of physical impact upon the victim from his purported contact with the victim. He contends that the circuit court's manner of considering and ruling on these issues ignores the factual inadequacies of the evidence as it relates to the elements of malicious wounding, in addition to depriving him of a substantive review of the issues.

At the outset, we note that petitioner again fails to comply with Rule 10(c)(7) of the West Virginia Rules of Civil Procedure in addressing this issue. He completely fails to cite to the record in his short argument. In addition, his single citation to legal authority is a 1909 case, which provides that "[c]ourts should be slow to disturb the verdicts of juries depending solely on evidence. But in the present case there appears to be an entire lack of evidence to establish guilt." *State v. White*, 66 W. Va. 45, 66 S.E. 20 (1909). This remains true, but this case is not supportive of petitioner's argument due to the evidence supporting petitioner's conviction. Thus, we find that the circuit court did not abuse its discretion in denying petitioner's motion for a new trial. For these reasons, we affirm petitioner's convictions, the denial of petitioner's motions for judgment of acquittal, and petitioner's motion for a new trial.

Affirmed.

**ISSUED:** March 23, 2022

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker

Justice Tim Armstead
Justice William R. Wooton
Justice Alan D. Moats sitting by temporary assignment